[ECF NO. 48]
ELIZABETH A. STAFFORD, United States Magistrate Judge
I. Introduction
Plaintiff AFT Michigan filed a motion to compel Defendants Project Veritas and Marisa L. Jorge to participate in a Federal Rule of Civil Procedure 26(f) conference and to commence discovery. [ECF No. 48]. The motion was referred to this Court for hearing and determination, [ECF No. 49], and the Court held a hearing on February 28, 2018. In their response to the motion and at the hearing, defendants asserted that they need not participate in the Rule 26(f) conference until after the Honorable Linda V. Parker rules on their motion to dismiss. [ECF Nos. 28, 53]. They accuse plaintiff of acting in bad faith, and request an award of costs and fees for having to file their response. [ECF No. 53]. But it is defendants who are acting without authority, and plaintiff's motion will be granted.
*694 II. Analysis
According to Rule 26(f)(1), "[T]he parties must confer as soon as practicable-and in any event at least 21 days before a scheduling conference is to be held ...." Rule 26(d) precludes the parties from seeking discovery before the Rule 26(f) conference in most cases, but after that conference, discovery is expected to commence. See Myers v. Marietta Mem'l Hosp. , No. 2:15-CV-2956, 2016 WL 3165974, at *2 (S.D. Ohio June 7, 2016), ( Rule 26(d)(1)"permits parties to begin discovery after they have held their Rule 26(f) conference."); Jennings v. City of Lafollette , No. 3:09-CV-72, 2010 WL 4704462, at *1 (E.D. Tenn. Aug. 24, 2010) ("Following the parties' Rule 26(f) conference, discovery in this matter will commence...."); Loop AI Labs Inc v. Gatti , No. 15-CV-00798-HSG(DMR), 2015 WL 9269758, at *2 (N.D. Cal. Dec. 21, 2015) ( Rule 26(d)(1) permits the parties to commence discovery after the Rule 26(f) conference).
It is also well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery. See, e.g., Wilson v. McDonald's Corp. , No. 14-11082, 2015 WL 13047572, at *3 (E.D. Mich. Apr. 28, 2015) ("Generally, the filing of a dispositive motion is insufficient to warrant a stay of discovery."); Williams v. New Day Farms, LLC , No. 2:10-CV-0394, 2010 WL 3522397, at *1 (S.D. Ohio Sept. 7, 2010) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). And while defendants argued at the hearing that courts do sometimes enter stays when a motion to dismiss is pending, they have not attempted to demonstrate that a stay is appropriate in this case by filing a motion, and Judge Parker has not granted them a stay.
Defendants assert that Judge Parker's practice guidelines essentially impose a stay on the Rule 26(f) conference and on discovery when a dispositive motion is pending. [ECF No. 53, PageID 1606-07; ECF No. 53-2]. Defendants note that the practice guidelines indicate that Judge Parker will not ordinarily hold scheduling conferences until after dispositive motions have been decided, [ECF No. 53-2, PageID 1621], but the guidelines do not state that a Rule 26(f) conference or discovery must await a decision on such a motion. Defendants also refer to language that this Court interprets as requiring that the parties submit their Rule 26(f)plan at least four days before the scheduling conference. [Id. , PageID 1621-22]. Defendants' argument that the "four days" language of Judge Parker's guidelines applies to a Rule 26(f)meeting is not persuasive; the Court does not infer that Judge Parker intended to modify the requirement of Rule 26(f)(1) that the parties "confer as soon as practicable-and in any event at least 21 days before a scheduling conference is to be held ...."
Thus, defendants' objections to participating in the Rule 26(f) conference and commencing discovery are wholly without merit.
III. Conclusion
The Court GRANTS plaintiff's motion to compel [ECF No. 48]; and ORDERS the parties to meet and confer pursuant to Rule 26(f) by March 14, 2018, and for discovery to commence thereafter.
Defendants are WARNED that the filing of objections to this order would not stay their obligations under the order. See E.D. Mich. LR 72.2 ("When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district *695 judge."). They are also WARNED that any failure to timely object to discovery requests would constitute a waiver of any objection. Sobol v. Imprimis Pharm. , No. CV 16-14339, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017) ; Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys. , No. 14-CV-12972, 2016 WL 4662431, at *2 (E.D. Mich. Sept. 7, 2016) ; Equal Employment Opportunity Comm'n v. Indi's Fast Food Rest., Inc. , No. 3:15-CV-590-JHM, 2017 WL 1658934, at *3 (W.D. Ky. May 1, 2017).